Dear Director Ward,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Is it lawful for an inmate from a jurisdiction other thanOklahoma who is housed in an Oklahoma private prison to performlabor on behalf of the private prison contractor that owns oroperates the facility?
 2. Is the Department of Corrections required to monitor laborperformed at private prison facilities by inmates fromout-of-state jurisdictions and report any violations of 57 O.S.2001, § 222, which prohibits the use of inmate labor on privateproperty except for a public purpose, or 57 O.S. Supp. 2004, §510(15), which states "[n]o inmate labor shall be used forprivate use or purpose?"
 I.
¶ 1 Oklahoma law permits private prison contractors within the State to contract with the federal government and other states "to provide for housing, care and control of . . . inmates." 2005 Okla. Sess. Laws ch. 476, § 1(A) (amending 57 O.S. Supp. 2004, §563.2[57-563.2](A)). The Oklahoma State Constitution directs that "[t]he contracting of convict labor is hereby prohibited." Okla. Const. art. XXIII, § 2. The Oklahoma Supreme Court in Rice v. State exrel. Short, 232 P. 807, 813 (Okla. 1924) determined that the purpose of the constitutional provision prohibiting the contracting of inmate labor is to ensure inmates will not be subjected to cruelty by private individuals or corporations. Id.Rice determined that "those who drafted our Constitution [in prohibiting the contracting of convict labor] had in mind the evils flowing from the practices then existing in some states of leasing or farming out convicts to individuals or private corporations[.]" Id.
¶ 2 Inmates in the custody of the Oklahoma Department of Corrections ("DOC") work either in a "Private Prison Industry" pursuant to 57 O.S. Supp. 2004, § 510[57-510](A)(4), or pursuant to the "Prisoners Public Works Act," 57 O.S. 2001, §§ 215[57-215] through 228.[1] A "Private Prison Industry" is maintained within the confines of a State of Oklahoma prison facility (57 O.S.Supp. 2004, § 510[57-510](A)(4)), and the "Prisoners Public Works Act" involves the transportation of inmates to designated public sites. 57 O.S. 2001, § 217[57-217]. "Any industry in which wages of [inmates] are paid by a nongovernmental person, group, or corporation, . . . [is] deemed a `Private Prison Industry'[.]" 57 O.S Supp. 2004, § 510(A)(4).
¶ 3 Title 57 O.S. 2001, § 216[57-216](2) defines a "[p]ublic works project" as "a project that has been determined by the Board of Corrections to be of necessity for the public well-being conducive to rehabilitation and the reduction of recidivism among participating inmates." Title 57 O.S. 2001, § 222[57-222](A) authorizes the State to use inmate labor on "private property for a public purpose." "Public purpose" is defined by statute as "a purpose affecting the inhabitants of the state or political subdivision utilizing the inmate labor, as a group, and not merely as individuals." Id. § 222(B). The work that is allowed to be performed must be essentially public and for the general good of the inhabitants of the state or political subdivisions, and may include eradication of graffiti on private buildings. Id. "Any person convicted of willfully violating the provisions of [Section 222] shall be guilty of a felony." Id. § 222(C).
¶ 4 The Oklahoma Constitution does not prohibit and Oklahoma statutes do not address the lawfulness of inmates from out-of-state jurisdictions performing work at private prison facilities. In Rice, the Oklahoma Supreme Court noted that the practice of leasing and farming out prisoners had "engendered such opposition and public criticism that most of the states in the union had, prior to the adoption of the Constitution of this state, prohibited officers from entering into contracts for the labor of prisoners." Rice, 232 P. at 813. Rice determined that the State of Oklahoma "is entitled to the labor and service of its convicts while confined in its prisons." Id. at 810.
¶ 5 Out-of-state or federal inmates housed in private prisons in Oklahoma are not in the custody of the State of Oklahoma. 2005 Okla. Sess. Laws ch. 476, § 1(L) (amending 57 O.S. Supp. 2004, §563.2[57-563.2](L)). Inmates from out-of-state jurisdictions who are housed in Oklahoma's private prisons remain subject to the custody of the sending state. Id. Section 563.2(L) provides as follows:
 The State of Oklahoma shall not assume jurisdiction or custody of any federal inmate or inmate from another state housed in a facility owned or operated by a private prison contractor. Such inmates from another state shall at all times be subject to the jurisdiction of that state and federal inmates shall at all times be subject to federal jurisdiction. This state shall not be liable for loss resulting from the acts of such inmates nor shall this state be liable for any injuries to the inmates.
Id. The Oklahoma Supreme Court stated in Rice that private use of inmate labor violates our Constitution when "it amount[s] to hiring convict labor to a corporation not under the control or management of the state or its officials." Rice, 232 P. at 812. Out-of-state inmates performing remodeling or maintenance work to a private prison facility does not amount to the State of Oklahoma contracting for inmate labor. Any prohibition on inmates from out-of-state jurisdictions performing work at a private prison facility is governed by the provisions of the contract between the private prison contractor and the sending state.
 II.
¶ 6 The second part of your question asks whether the Department of Corrections is required to monitor labor performed by inmates from out-of-state jurisdictions at private prisons. Title 57 O.S. 2001, § 222[57-222](A) authorizes the State to use inmate labor "on private property for a public purpose." Title 57 O.S.Supp. 2004, § 510[57-510](15) provides that Oklahoma "inmate labor shall be used solely for public or state purposes" and "[n]o inmate labor shall be used for private use or purpose." Section 563.2(H) of Title 57[2] permits private prison contractors to allow inmates who are classified as minimum security to participate in public works projects. Under Section 563.2(H), the DOC has the responsibility to authorize said projects, approve the private prison contractor's security procedures, and determine the contractor has current and effective liability insurance.
¶ 7 The DOC has limited statutory responsibility for monitoring private prison contractors that house inmates from other jurisdictions. See 2005 Okla. Sess. Laws ch. 476, § 2 (amending57 O.S. 2001, § 563.3[57-563.3]). Section 563.3(C) provides, in pertinent part, that "[t]he Department of Corrections shall monitor the performance of the private prison contractor and the continued compliance of the private prison contractor." The monitoring duties of the DOC in pertinent part include:
1. "[A]pproval of all emergency response plans and the internal and perimeter security of the facility of the private prison contractor." Id. § 563.3(A)(1).
2. Making a satisfactory determination "that adequate food, housing and medical care shall be available for inmates." Id. § 563.3(A)(2).
3. Verifying the private prison contractor has adequate insurance protection to indemnify the state from "any liability or other loss, including property damage, judgments, costs [and] attorney fees." Id. § 563.3(A)(3).
4. Monitoring the private prison contractor's compliance with the remaining provisions of Section 563.3. Id. § 563.3(C).
Neither the duties listed above nor the duties listed in the statute (see 2005 Okla. Sess. Laws ch. 476, § 2 (amending 57O.S. 2001, § 563.3[57-563.3])) impose a duty upon the DOC to monitor labor at private prisons.[3]
¶ 8 The work done by inmates from out-of-state jurisdictions is governed by the contract provisions agreed upon by the private prison contractor and the sending state.[4] The sending state retains custody and final decision-making authority over all transferred inmates housed in Oklahoma. The Oklahoma Department of Corrections has no express or implied statutory duty to monitor private prison facilities to ensure private prison contractors are in compliance with their contracts with corrections authorities in other states.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Article XXIII, Section 2 of the Oklahoma Constitution that provides that "[t]he contracting of convict labor is hereby prohibited" applies only to Oklahoma inmates who are within the custody and control of the Oklahoma Department of Corrections. Article XXIII, Section 2 does not apply to inmates from out-of-state jurisdictions housed in Oklahoma under contracts between private prison contractors and other states. Inmates from out-of-state jurisdictions performing labor at private prisons is not contracting by the State of Oklahoma within the meaning of Article XXIII, Section 2. The State of Oklahoma does not assume jurisdiction or custody of inmates from other states who are housed in Oklahoma at private prisons. 2005 Okla. Sess. Laws ch. 476, § 1(L) (amending 57 O.S. Supp. 2004, § 563.2(L)). Inmates from out-of-state jurisdictions are at all times subject to the jurisdiction of the sending state. Id.
 2. Title 57 O.S. 2001, § 222[57-222] and 57 O.S. Supp. 2004, § 510[57-510] that prohibit using Oklahoma inmate labor on private property for a private purpose do not impose a duty on the Oklahoma Department of Corrections to monitor labor performed at private prison facilities by inmates from out-of-state jurisdictions. Pursuant to 2005 Okla. Sess. Laws ch. 476, § 2 (amending 57 O.S. 2001, § 563.3) the Department of Corrections has a duty to monitor private prisons to ensure each facility maintains the following: (A) approved emergency response plans and security of the facility; (B) adequate food, housing, and medical care; (C) adequate insurance protection; (D) written authorization from the municipality where the facility is located; (E) felony record searches of all employees; and (F) accreditation by the American Correctional Association. See id.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 ALLISON MAYNARD Assistant Attorney General
[1] There is also a program referred to as the `Work Release Program." See 57 O.S. 2001, § 543[57-543]. "It is the intent of the Oklahoma Legislature that such programs will be available so that . . . education and training will reasonably be expected to be completed before parole, release or work release begins." 57O.S. 2001, § 538[57-538]. "The Department of Human Services, through the State Department of Rehabilitation Services, and the State Board of Career and Technology Education shall implement policies and programs . . . for persons in custody of the Department of Corrections who are candidates for work release programs, parole or release." Id. This program is not relevant in the discussion of your question and will not be discussed further.
[2] 2005 Okla. Sess. Laws ch. 476, § 1 (amending 57 O.S. Supp.2004, § 563.2[57-563.2]).
[3] The remaining pertinent provisions of Section 563.3 of Title 57 require the DOC to monitor private prison contractors for their compliance with the following: obtaining "written authorization from the governing board of any municipality in which the facility is to be located" (id. § 563.3(A)(4)); requiring "a felony record search of fingerprints of every employee [and] prospective employee" (id. § 563.3(A)(5)); and maintaining "accreditation by the American Correctional Association" (id. § 563.3(B)).
[4] Some states specifically require that any contract entered into with a private prison contractor in another state must provide for what types of labor the inmates are allowed to perform. For example, Wisconsin statutes specifically provide that when the state enters into a contract with a private prison for the confinement of inmates in their custody to another state, the contract must contain "[p]rovisions concerning any participation in programs of prisoner employment if any, [and] the disposition or crediting of any payments received by prisoners on account of employment." Wis. Stat. § 301.21(2m) (a) (3) (2003-04).